IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT SAUNDERS,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )     C.A. No. 19-957 (MN)
                                          )
LT. GOV. BETHANY A. HALL-LONG, et         )
al.,                                      )
                    Defendants.           )

## **MEMORANDUM OPINION**

Robert Saunders, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

October 4, 2019
Wilmington, Delaware

*NOREIKA, U.S. District Judge:*

## I. INTRODUCTION

Plaintiff Robert Saunders ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has paid the filing fee. He has also filed a motion to change venue, a request for counsel, and a motion to expedite proceedings. (D.I. 5; D.I. 6; D.I. 8). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915A(a).[1]

## II. BACKGROUND

In November 1976, Plaintiff was tried for the murder of Joseph L. Johnson. *See Saunders v. Taylor*, No. 95-259-SLR, 1997 WL 129347 (D. Del. Feb. 27, 1997). A Delaware Superior Court jury found Saunders guilty on the murder and related charges and sentenced him as a habitual offender to six concurrent life terms, without the possibility of parole or probation. *Id*. at *2. The Delaware Supreme Court affirmed his convictions and sentences on direct appeal. *Id*. at *1. Thereafter, Plaintiff filed several motions for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"). *Id*. at *2. The Superior Court denied the Rule 61 motions, and those decisions were affirmed on post-conviction appeal. *Id*. Next, Plaintiff filed two petitions for a writ of mandamus, and they were denied. *Id*.

Plaintiff has also filed five petitions for habeas corpus relief in the federal district court. *See Saunders v. Markell*, No. 11-1078-GMS, 2013 WL 663407, at *1 (D. Del. Feb. 21, 2013). The first petition was denied on the merits, the following three petitions were denied as second or successive, and the last petition was summarily denied. *Saunders*, 1997 WL 129347, at *2. The

---

[1]  Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

fifth petition that sought habeas relief alleged that Delaware's governor had denied Plaintiff's commutation request despite a unanimous recommendation for a commutation of sentence from the Delaware Department of Correction, the Board of Parole, and the Board of Pardons in retaliation for Plaintiff exposing health care and monetary problems within the Delaware Department of Correction, and that the denial violated Plaintiff's rights to due process and equal protection. *Id.*

The Complaint names as Defendants the president and members of the Board of Pardons. Between 2011 and 2014, Plaintiff appeared before the Board of Pardons on two occasions and both times received unanimous recommendations for commutation. (D.I. 1 ¶ 11). He alleges that there have been no negative events since those hearings, other than his continued incarceration. (*Id.*). Plaintiff sought commutation in 2018 and alleges that he was not allowed to physically appear at the 2018 Board of Pardons hearing. (*Id.* ¶ 12). While not specifically stated, the alleged facts indicate that the Board of Pardons denied the 2018 commutation request. Plaintiff's daughter obtained the "denial consideration information" from the Board of Pardons, and Plaintiff alleges the information was incorrect. (*Id.*)

Plaintiff alleges that he was previously informed that commutation consideration was "based on factual information extracted from Department of Correction[], investigative reports of offense(s), prison programming and work history, academic trade training, prison adjustment, psychiatric reports, and risk assessment based on prognosis for success or failure if released" but, none of this was considered in his case. (*Id.* ¶ 18). Plaintiff alleges that Defendants completely ignore his many medical problems. (*Id.* ¶ 19). Plaintiff alleges that despite the fact that he provided substantial evidence supporting commutation, Defendants "denied Plaintiff or those desiring [to] speak [on] his behalf [the] opportunity [to] do [the] same." (*Id.* ¶ 21).

The Complaint alleges that Defendants are members of a Board that is dysfunctional and secretive and uses "make-up as you-go policies and procedures that are neither principled nor consistent." (*Id.* ¶ 15). The Complaint alleges that the Board of Pardons has rules that Plaintiff has requested for the purpose of determining how many are used, but he has been unable to secure this information. (*Id.*). Plaintiff alleges that Delaware's governor has never adopted criteria for the commutation of a sentence even though the Delaware Constitution provides that the ultimate decision rests with the governor. (*Id.*). Plaintiff alleges that he, and other black inmates, have no idea how to determine what criteria are used when commutation recommendations are made and that some decisions are irrational and are based on subjective and unknown criteria. (*Id.* ¶ 16). The Complaint alleges that the procedures incorporated in the hearing process are arbitrary, capricious and whimsical. (*Id.* ¶ 21).

The Complaint "challenges the Board of Pardons regular discriminatory practices in hearing cases for commutation and the utilization of racial overtones in deciding blacks serving life without parole sentences." (*Id.* ¶ 10). The Complaint alleges that the Board of Pardons justified commutation for Robert Martin ("Martin"), a white inmate, based upon a series of omitted information. (*Id.* ¶ 13). The Complaint alleges that the Board of Pardons uses a double-standard for whites and blacks in the commutation process going back to the 1985 case of John Bailey ("Bailey") and the 1990 case of John Judge ("Judge") and Jon Berger ("Berger").[2] (*Id.* ¶ 14). Plaintiff alleges that blacks without previous records of any nature are denied commutation, while whites with far worse criminal and institutional records are granted commutation and, in one case, it was approved by the governor. (*Id.*). Plaintiff alleges that the Delaware commutation process "is infested with racism, politics and personal values." (*Id.* ¶ 17). Finally, the Complaint alleges

---

[2]     The Complaint does not indicate the race of Baily, Judge, or Berger.

that the Board of Pardons "has in place a system that overly, systematically discriminates against blacks serving life without parole sentences." (*Id.*).

Plaintiff seeks declaratory and injunctive relief (including the adoption of administrative procedures[3] in the commutation process and an immediate rehearing) as well as actual, consequential, and punitive damages.

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

---

[3]     The Rules of the Board of Pardons were adopted on July 8, 1897, and have been amended throughout the years, the last amendment effective April 3, 2009 with the Rules re-adopted on the same date. The Rules of the Board of Pardons, the Delaware Constitution, and Chapter 43 of the Delaware Code set forth the mechanism and process for an application of commutation. *See* Del. Const. art. VII, §§ 1, 2; 11 Del. C. §§ 4301, 4302, 4361-4364; https://pardons.delaware.gov/rules/ (last visited Sept. 27, 2019).

baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may

not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Official Capacity Claim

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, with regard to Defendant Bethany Hall-Long ("Hall-Long"), President of the Board of Pardons, the required element that the alleged wrongdoing be committed by a person is lacking.

Hall-Long is sued only in her official capacity. Dismissal of the claims against her is proper because "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Kunkle v. Naugle*, 660 F. App'x 132, 135 (3d Cir. 2016) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). *See also*

*Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013) (for purpose of § 1983 defendants are not "persons' when acting in their official capacities).  Nor can Plaintiff recover monetary damages from Hall-Long for the claims raised against her.  *See A.W. v. Jersey City Public Sch.*, 341 F.3d 234, 238 (3d Cir. 2003) (explaining that Eleventh Amendment's "protection from suit extends to state agencies as well as state officials sued in their official capacities for monetary damages" (citation omitted)).

Therefore, the Court will dismiss the claims against Hall-Long as legally frivolous and based upon her immunity from suit pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

### B.      Personal Involvement

There are no specific allegations against Defendants Jeffrey W. Bullock ("Bullock"), Andre G. Bouchard ("Bouchard"), Colleen K. Davis ("Davis"), or Kathleen F. McGuiness ("McGuiness").  It is well settled that a plaintiff in a § 1983 civil rights action must show that each defendant was personally involved with the alleged violation of his constitutional rights. *See Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . .  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.")

The Complaint lacks allegations that point to the personal involvement of Bullock, Bouchard, Davis, or McGuiness.  Therefore, the foregoing Defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### C.      Discrimination

To the extent that Plaintiff claims Defendants failed to give him and others similarly situated a non-discriminatory hearing, the pleading is patently deficient.  "Prisoners are protected

under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to raise a valid equal protection claim under § 1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated." *Bierley v. Grolumond*, 174 F. App'x 673, 676 (3d Cir. 2006). To the extent that Plaintiff asserts his claims under a "class-of-one" theory, the standard is similar in that Plaintiff can prevail only if he shows "'that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curium)). Finally, to demonstrate a violation of the Equal Protection Clause, a plaintiff must show more than discriminatory impact. *See Village Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977). "[A]n official act is not unconstitutional solely because it has a racially disproportionate impact." *Williams v. Federal Bureau of Prisons and Parole Comm'n*, 85 F. App'x 299, 305 (3d Cir. Jan. 7, 2004) (citations omitted).

The Complaint alleges in a conclusory manner that Defendants systematically discriminate against blacks sentenced to life in prison. It is evident from the allegations that Plaintiff takes exception to the recent commutation denial but rather than point to race discrimination in the denial, he alleges the 2018 denial occurred because he and others supporting him were denied the opportunity to speak, the Board of Pardons relied upon incorrect information, and Defendants ignored Plaintiff's numerous medical problems.

Nor has Plaintiff stated an equal protection claim under the "class of one" theory. Under this "class of one" theory, "a plaintiff states a claim for violation of the Equal Protection clause when he 'alleges that he has been intentionally treated differently from others similarly situated

and that there is no rational basis for the difference in treatment.'" *Mosca v. Cole*, 217 F. App'x. 158, 164 (3d Cir. 2007) (citing *Village of Willowbrook*, 528 U.S. at 564). While Plaintiff refers to white inmate Martin as well as inmates Bailey, Judge, and Berger, based upon the allegations and attached exhibits, it is far from clear that Plaintiff is similarly situated to them given that the race of Bailey, Judge, and Berger is not provided and when comparing Plaintiff's sentence of six concurrent life terms to Martin's life plus 42 plus years sentence (*see* D.I. 1-1 at 5); Bailey's 30 year sentence and 10 year sentence to run consecutively (*see Bailey v. State*, 363 A.2d 312, 313 (Del. 1976); Judge's six year sentence with a three-year minimum/mandatory (*see id.* at 12); and Berger's two, three-year minimum/mandatory sentence (*see id.* at 14).[4]

The Complaint fails to allege facts from which it can be concluded that Defendants engaged in intentional or purposeful discrimination or that Plaintiff was treated differently from similarly situated individuals on the basis of his race and, therefore, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Because it is possible that Plaintiff may be able to state a plausible claim for relief, he will be given leave to amend.

## V.    **MISCELLANEOUS MOTIONS**

### A.    **Venue**

Plaintiff moves for a change of venue "in the interest of justice." (D.I. 5). Plaintiff seeks to have this case transferred to the United States District Court for the Eastern District of Pennsylvania.

---

[4]    Plaintiff attached numerous letters from the Board of Pardons denying commutation or parole for numerous inmates. The race of the individuals to whom the letters were written is not mentioned and do not support Plaintiff's claims.

A district court may transfer a civil action "in the interest of justice." 28 U.S.C. § 1404(a). This case is properly venued in the District of Delaware, where Plaintiff resides and where the events giving rise to his claim allegedly occurred. Plaintiff has not shown that a transfer from the District of Delaware to the Eastern District of Pennsylvania would accomplish the "in the interest of justice" goal. Plaintiff seems to believe that because his claims concern alleged race discrimination and other unnamed illegal acts by elected or appointed Delaware officials, hearings in this Court would be prejudicial to him and that it will be difficult to select an impartial jury. Other than his conclusory statements, Plaintiff provides nothing to support his statements. Plaintiff simply has not shown that this matter should be transferred to the United States District Court for the Eastern District of Pennsylvania. The Court will deny Plaintiff's motion for change of venue. (D.I. 5).

**B.      Request for Counsel**

Plaintiff requests counsel on the grounds that his imprisonment limits his ability to litigate, he is unable to afford counsel, he is unable to depose Defendants, there will be conflicting testimony, much research is required, he has serious medical issues, and he has made repeated, unsuccessful attempts to retain counsel. (D.I. 6).

Plaintiff proceeds *pro se*. He has paid the filing fee and has not sought leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff has never sought *in forma pauperis* status and, therefore, he does not qualify for counsel under § 1915. Accordingly, the Court will deny the request without prejudice to renew upon the finding of indigency. (D.I. 6).

**C.     Motion to Expedite**

Plaintiff moves to expedite these proceedings.  (D.I. 8).  As discussed, the Complaint will be dismissed and Plaintiff will be given leave to amend.  Hence, there is no operative pleadings. The motion will be denied.  Dates will be set by the Court as deemed necessary.

**VI.     <u>CONCLUSION</u>**

For the above reasons, the Court will:  (1) deny Plaintiff's motion for change of venue and motion to expedite proceedings (D.I. 5, 8); (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 6); and (3) dismiss the Complaint pursuant 28 U.S.C. § 1915A(b)(1) and (2).  Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.