IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SAUNDERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LT. GOV. BETHANY A. HALL-LONG, et )<br>al., )<br>Defendants. ) | C.A. No. 19-957 (MN) |

**MEMORANDUM OPINION**

Robert Saunders, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

April 29, 2020
Wilmington, Delaware

*/s/ Maryellen Noreika*
**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Robert Saunders ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has paid the filing fee. The Court dismissed the original complaint, gave Plaintiff leave to amend, and denied his motion to change venue, his request for counsel, and his motion to expedite. (D.I. 11, 12). Plaintiff filed an Amended Complaint and renewed his request for counsel and his motion to change venue. (D.I. 14, 16, 17, 18). The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915A(a).[1]

## II. BACKGROUND

Through the years, Plaintiff, who is now 80, has repeatedly sought release from prison. His history of seeking release is fully set forth in the Court's October 4, 2019 Memorandum. (*See* D.I. 11 at II. Background at 2-3). The Amended Complaint, in raising an equal protection claim, "challenges the Board of Pardons regular discriminatory practices in hearing cases for commutation and the utilization of racial overtone[s] in deciding blacks serving life without parole sentences." (D.I. 16 ¶¶ 11, 24). The Amended Complaint also raises due process claims and alleges that the Board of Pardons violates its established procedures. (*Id*. ¶¶ 13, 24).

In addition to the original Defendants, the Amended Complaint adds as a defendant the deputy legal advisor to the Governor of the State of Delaware. (*Id*. at 2). The Amended Complaint

---

[1] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

also adds a claim against Defendant Bethany Hall-Long ("Hall-Long"), President of the Board of Pardons in her individual capacity. (*Id.* ¶ 5).[2]

A comparison of the original complaint with the Amended Complaint reveals that most of its allegations are identical. (*Compare* D.I. 1 to D.I. 16). New allegations refer to commutation grants to white inmates, commutation denials to black inmates most of whose individual crimes occurred more than 30 years ago, and disparities in sentencing between black and white inmates to support Plaintiff's equal protection claim. (D.I. 16 ¶¶ 14-15). In addition, the Amended Complaint now alleges that when Plaintiff was found suitable for commutation in 2011 and 2014, he received correspondence from the Governor each time denying commutation "due to totality of circumstances", and that it remains unclear what the Governor's legal advisors meant, such that an applicant, like Plaintiff, cannot prepare for an additional hearing when the "real reason" for the previous denial is unknown. (*Id*. at 5).

Attached as an exhibit to the Amended Complaint is a March 1, 2018 letter from the Board of Pardons that advised Plaintiff it had unanimously decided to deny his application for a commutation. (D.I. 16-2 at 15). The letter refers to Plaintiff's crimes, states that it appears Plaintiff was not fully accepting of responsibility for his actions and is lacking in remorse given that he continues to attempt to justify the offense, and notes that Plaintiff has a history of a prior early release from prison that resulted in continued criminal behavior and other arrests/conviction in other states as well as a federal conviction. (*Id*.). Plaintiff alleges that the Board acted illegally when it attempted to justify its denial based upon Plaintiff's sentence and refers to corrections he received to his sentence. (D.I. 16 at 5). Plaintiff alleges that the Board also ignored that he was

---

[2]   The original complaint sued Hall-Long in her official capacity, but that claim was dismissed.

offered a plea, that prior to his act of violence he had never been involved in a violent act, and that comments that he was involved in a burglary ring were unfounded. (*Id*.). Plaintiff also alleges that the Board ignored his massive community support and his numerous medical problems. (*Id*. at 7). Plaintiff alleges that he has always expressed remorse to the family of the victim and his family and that he has made major impacts in bringing positive changes in corrections while incarcerated. (*Id.* at 8). Finally, Plaintiff alleges that the Board denied him a physical presence at the hearing in violation of its established procedures, and that the hearing transcript does not reflect the actual events. (*Id*. at 3, 8).

Plaintiff seeks declaratory and injunctive relief (including the adoption of administrative procedures[3] in the commutation process and an immediate rehearing) as well as actual, consequential, and punitive damages.

### III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, __ F.3d. __, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989));

---

[3]    The Rules of the Board of Pardons were adopted on July 8, 1897, and have been amended over the years. The most recent amendment became effective April 3, 2009 with the Rules re-adopted on the same date. The Rules of the Board of Pardons, the Delaware Constitution, and Chapter 43 of the Delaware Code set forth the mechanism and process for an application of commutation. *See* Del. Const. art. VII, §§ 1, 2; 11 Del. C. §§ 4301, 4302, 4361-4364; https://pardons.delaware.gov/rules/ (last visited April 28, 2020).

*see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 2020 WL 1982194, at *4 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

It is well settled that an inmate has no constitutional or inherent right to the commutation of his sentence. *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280 (1998); *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). Plaintiff's Amended Complaint did not cure his pleading defects and his due process and equal protection claims depend upon "indisputably meritless legal theories" and are "clearly baseless."

### A. Due Process

Article VII of the Delaware Constitution of 1897 vests the Governor, upon recommendation of the Board of Pardons, with sole power to grant reprieves, commutations of sentence, and pardons. The Board "recommends to the Governor whether he should pardon the applicant unconditionally, conditionally, or not at

4

  all." . . . The Board must hold "an open hearing at which any victim of the crime(s) for which the petitioner seeks a pardon has the opportunity to testify."[4]

*See State v. Culp*, 152 A.3d 141, 147 (Del. 2016) (internal citations omitted).

  The Board of Pardons has the constitutional authority to make recommendations to the Governor for denial or recommendation of commutation. *See* https://pardons.delaware.gov (last visited Apr. 28, 2020). While "the Governor cannot grant a pardon or commutation in the absence of a recommendation from the Board," the Governor "is not bound to accept the recommendation of the Board" and, instead, "exercises an independent judgment in all cases." *Id.* This means that "[t]he recommendation issued by the Board of Pardons is not binding on the Governor and nothing in the Delaware Constitution or Code restricts the discretion of either the Board or the Governor." *Saunders v. Markell*, C.A. 11-1078-GMS, 2013 WL 663407, at *2-3 (D. Del. Feb. 21, 2013) (citing *State v. Sullivan,* 740 A.2d 506 (Del. Super. Ct. 1999)).

  At most, only minimal due process protections apply to commutation procedures. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring) (explaining that "[a]lthough it is true that 'pardon and commutation decisions have not traditionally been the business of courts,' and that the decision whether to grant clemency is entrusted to the Governor under [state law] . . . some minimal procedural safeguards apply to clemency proceedings."); *see also PA Prison Soc. v. Cortes*, 622 F.3d 215, 243 (3d Cir. 2010). When the commutation statute at issue does not impose standards constraining the discretion of the Governor as to when commutation must be granted, the statute does not create a constitutional right or entitlement sufficient to invoke the due process

---

[4]  The Amended Complaint alleges that Plaintiff was not allowed to be physically present before the Board in violation of established Board procedures. (D.I. 16 ¶ 13). Board of Pardons Rule 6 provides that the "Board will hear such individuals and receive such material in support or in opposition to an application it considers desirable to discharge its functions to hold a full hearing," but does not require the presence of the commutation applicant. *See* Rules of the Board of Pardons Re-Adopted April 3, 2009 at Rule 6.

clause. *See Dumschat*, 452 U.S. 458, 466–67 (1981). Rather, the "power to grant or deny commutations [ ] rests solely with the executive branch which may 'deny the requested relief for any constitutionally permissible reason or for no reason at all.'" *PA Prison Soc.*, 622 F.3d at 244 (citing *Dumschat,* 452 U.S. at 467).

The Court notes that in a 2013 case filed by Plaintiff seeking relief under 28 U.S.C. § 2254, this Court reviewed and analyzed the Delaware pardon process, the Delaware Constitution, and the rights and powers of the Governor of the State of Delaware and The Board of Pardons.[5] *Saunders v. Markell*, 2013 WL 663407. In doing so, it concluded that "the Delaware Constitution does not create any right or entitlement sufficient to invoke the protections of the due process clause." *Id.* at *3. In light of the foregoing, Plaintiff's due process claim necessarily fails. Moreover, even if the protections of the Due Process Clause were applicable, as alleged, Plaintiff was neither denied access to Delaware's commutation process nor arbitrarily denied commutation (*see* March 1, 2018 Board of Pardons letter at D.I. 16-2 setting forth reasons for no support for a commutation of Plaintiff's sentence.). Accordingly, the due process claim will be dismissed as frivolous.

### B. Equal Protection Claim

The Court dismissed the equal protection claim raised in the original complaint. The Court's analysis and reasoning for dismissing the original equal protection claim are equally applicable to the amended equal protection claim, and the Court sees no need to reiterate its entire analysis. (*See* D.I. 11 at 8-10).

---

[5] The United States Court of Appeals for the Third Circuit denied Plaintiff's application for a certificate of appealability as well as his petition for rehearing en banc. *See Saunders v. Markell*, No. 13-1950 (3d Cir. 2013).

To raise a valid equal protection claim under 42 U.S.C. § 1983, "a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated." *Bierley v. Grolumond*, 174 F. App'x 673, 676 (3d Cir. 2006). Similar to the original complaint, the Amended Complaint alleges in a conclusory manner that Defendants engaged in intentional or purposeful discrimination. And, like the original complaint, the Amended Complaint refers to numerous non-racial factors relied upon by the Board in not recommending commutation.

Finally, the additional allegations that black inmates were denied commutation despite years having passed since an offense was committed do not translate into allegations that those inmates and Plaintiff are similarly situated. Commutation recommendations require the Board of Pardons to look at the individual circumstances of the prisoner and his crimes. *See e.g.*, Delaware Board of Pardons Commutation Checklist and Application for Commutation. *See* https://pardons.delaware.gov/wp-content/uploads/sites/42/2019/07/Commutation_Application_pack_2019_v7a.pdf (last visited Apr. 28, 2020); *see also Houtz v. Deland*, 718 F. Supp. 1497, 1501 (D. Utah 1989); *Berryman v. Sampson*, No. 10-12169, 2011 WL 6641126 (E.D. Mich. Dec. 21, 2011). Each inmate in applying for commutation brings a different set of circumstances (*i.e.*, history, crimes, and rehabilitative progress while in prison) to the commutation process. Because each inmate brings different circumstances which includes the crimes committed, Plaintiff cannot show that he is similarly situated to any other prisoner for purposes of commutation as a matter of law. Accordingly, the equal protection claim will be dismissed.

Plaintiff was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. In light of the foregoing, the Court finds that granting him another opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir.

2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d at 108 and *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Amended Complaint as frivolous pursuant 28 U.S.C. § 1915A(b)(1); and (2) deny as moot Plaintiff's renewed requests for counsel and renewed motion for change of venue (D.I. 14, 17, 18). The Court finds amendment futile.

An appropriate Order will be entered.